IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                                                              **PLAINTIFF**

v.                                    **CASE NO. 4:11-CR-00168-BSM**

**JONATHAN RUSSELL WRIGHT**                                                                                            **DEFENDANT**

## ORDER

Jonathan Wright's supplemental motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 149] is granted as follows: Wright's sentence of imprisonment is reduced to 420 months, followed by ten years of supervised release. His motion to reduce his sentence [Doc. No. 141] and motion for order [Doc. No. 145] are denied as moot.

## I. BACKGROUND

In 2012, a jury found Jonathan Wright guilty of possession with intent to distribute crack cocaine. Before trial, the government moved to enhance his sentence under 21 U.S.C § 851. Because he had three prior convictions for felony drug offenses, Wright received a statutory mandatory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (2010). Without the sentencing enhancement, his Guidelines range would have been 360 months to life. *See* Jonathan Wright PSR. In 2018, the First Step Act amended § 841(b)(1) to reduce the mandatory minimum sentence for a defendant with two or more prior convictions from life imprisonment to twenty-five years, but this reduction was not retroactive. Pub. L. No. 115-391, 132 Stat. 5194, § 401. Wright moved to reduce his sentence in 2021 and filed a supplemental motion in early 2024.

## II.  LEGAL STANDARD

In general, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c).  The court may, however, reduce a sentence upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant exhausts administrative remedies if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).  Section 3582(c)(1)(A) "makes consistency with an applicable policy statement a *mandatory* condition for a reduction in sentence."  *United States v. Crandall*, 25 F.4th 582, 584 (8th Cir. 2022).  The Sentencing Commission's policy statement at § 1B1.13 lists five categories of circumstances that can be considered extraordinary and compelling reasons for a sentence reduction.  Relevant here is § 1B1.13(b)(6), effective November 1, 2023, which allows the court, after full consideration of the defendant's individualized circumstances, to consider a change in the law—other than nonretroactive changes to the Guidelines Manual—as an extraordinary and compelling reason for a sentence reduction when the defendant received an "unusually long sentence," has served at least ten years in prison, and the change would produce a "gross disparity" between the sentence being served and the sentence likely to be imposed at the time the motion is filed.  Section 1B1.13(a)(2) also requires a determination that the defendant is not a danger to the safety of any other person or to the community.

III. DISCUSSION

Wright's supplemental motion to reduce his sentence is granted because an extraordinary and compelling reason warrants a reduction. There is no dispute that Wright has met the exhaustion requirement set forth in § 3582(c)(1)(A).

A.  Extraordinary and Compelling Reason

Consistent with § 1B1.13(b)(6), and after full consideration of his individualized circumstances, I find that Wright has presented an extraordinary and compelling reason for relief because he received an unusually long sentence, has served at least ten years in prison, and a change in the law has resulted in a gross disparity between his sentence and the sentence that would likely be imposed today.

*1. Unusually Long Sentence*

Wright's sentence of life imprisonment is unusually long. According to the Sentencing Commission, only about 0.2% of federal offenders received a life sentence from fiscal years 2016 through 2021. *United States v. Henderson*, Case No. 4:08-cr-00187-AGF, 2024 WL 881253, at *5 (E.D. Mo. Feb. 23, 2024) (citing U.S. Sent'g Comm'n, *Life Sentences in the Federal System* (July 2022)). At the time Wright was sentenced, the average sentence given to a career offender in criminal history category VI convicted of drug trafficking was 151 months. U.S. Sent'g Comm'n, *Length of Imprisonment for Offenders*

3

*in Each Criminal History Category by Primary Offense Category* (FY 2013).¹ Last year, the average sentence given to a defendant in criminal history category VI convicted of drug trafficking was 133 months. U.S. Sent'g Comm'n, *Length of Imprisonment by Criminal History Category and Type of Crime* (FY 2023).² In fact, the average sentence given to a defendant in category VI convicted of murder last year was 333 months, considerably less than life. *Id*. Given these statistics, Wright's life sentence for a nonviolent offense is unusually long. And it is undisputed that Wright has served at least ten years in prison.

### 2. *Change in Law—Gross Disparity*

A change in the law has resulted in a gross disparity between Wright's mandatory life sentence and the sentence that he would likely receive now. The First Step Act changed the statutory mandatory minimum sentence for a defendant with two or more prior convictions from life to twenty-five years. Pub. L. No. 115-391, 132 Stat. 5194, § 401. While it is true that Wright's life sentence is within the Guidelines range—360 months to life given an offense level of 37 and a criminal history category of VI—there is a gross disparity between his life sentence and the sentence I would impose now, considering Wright's circumstances. He was twenty-seven years old when he committed this offense. Most of his prior convictions are for non-violent offenses, except for offenses he committed as a teenager.

---

¹https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2013/Table14.pdf

²https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2023/Table28.pdf

While in prison, he has participated in recommended educational and vocational programs and has received only one minor disciplinary infraction. Doc. Nos. 141-3, 141-4. Although rehabilitation of the defendant alone is not an extraordinary and compelling reason, 28 U.S.C. § 994(t), it may be considered along with other factors in determining whether a sentence reduction is appropriate. U.S.S.G. § 1B1.13(d). *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023). In light of these individualized circumstances, I find that Wright has established an extraordinary and compelling reason for a sentence reduction.

Wright also argues that another change in the law warrants a sentence reduction: recent Eighth Circuit precedent limiting which prior drug convictions can count as predicate offenses for sentencing enhancement. Relying on *United States v. Myers*, 56 F.4th 595 (8th Cir. 2022), *United States v. Owen*, 51 F.4th 292 (8th Cir. 2022), and *United States v. Perez*, 46 F.4th 691 (8th Cir. 2022), Wright argues that his prior convictions for possession with intent to deliver cocaine should not have counted as predicate offenses because the state law under which he was convicted swept more broadly than federal law. As the government points out, I have recently rejected a similar argument. *See United States v. Owens*, Case No. 4:18-cr-167-BSM, Doc. No. 86. On the record before me now, I decline to revisit this issue.

### 3. Government Objections

The government argues that I should not apply § 1B1.13(b)(6) to reduce Wright's sentence because (1) applying the policy statement counters Eighth Circuit precedent that a

5

nonretroactive change in the law cannot constitute an extraordinary and compelling reason for a sentence reduction and (2) the Sentencing Commission exceeded its authority in adopting the policy statement. Neither argument is persuasive.

The government is correct that the Eighth Circuit held in *Crandall v. United States*, 25 F.4th 582, 586 (8th Cir. 2022), that a nonretroactive change in sentencing law "whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." A year later, in *United States v. Rodriguez-Mendez*, 65 F.4th 1000, 1004 (8th Cir. 2023), the Eighth Circuit reiterated its holding that nonretroactive changes in the law may not establish eligibility for a sentence reduction.

But both *Crandall* and *Rodriguez-Mendez* were decided before § 1B1.13(b)(6) went into effect. In fact, they were decided when it was unclear whether § 1B1.13 applied to § 3582(c)(1)(A) motions filed by defendants at all. *See Crandall*, 25 F.4th at 585 (declining to address whether § 1B1.13 remained applicable to motions filed by defendants). Now, § 1B1.13(b)(6) is in effect, and it expressly allows the court to consider nonretroactive changes in sentencing law in determining eligibility for a sentence reduction in certain circumstances. Because consistency with an applicable policy statement is a mandatory condition for a reduction in sentence, *Crandall*, 25 F.4th at 584, I must consider § 1B1.13(b)(6) when deciding whether Wright has established an extraordinary and compelling reason for a sentence reduction.

The government also argues that § 1B1.13(b)(6) exceeds the authority delegated to the Sentencing Commission by Congress. Congress could have made changes in sentencing law, like the reduction in the mandatory minimum sentence for defendants like Wright, retroactive, but chose not to do so. According to the government, such a nonretroactive change in the law is common, not extraordinary nor compelling. The government further contends that allowing nonretroactive changes in the law to be considered in § 3582(c)(1)(A) motions is incompatible with Congress's elimination of parole. Finally, the government argues that § 1B1.13(b)(6) violates separation of powers because Congress—not the Sentencing Commission—has the power to establish minimum and maximum penalties for crimes. *Mistretta v. United States*, 488 U.S. 361, 396 (1989).

I conclude that the promulgation of § 1B1.13(b)(6) is a valid exercise of the Sentencing Commission's delegated authority. In 28 U.S.C. § 994(t), Congress gave the Sentencing Commission broad discretion to define extraordinary and compelling reasons for sentence reductions, excluding only rehabilitation of the defendant alone as such a reason. "Congress broadly empowered and directed the Commission to issue binding guidance as to what circumstances qualify for potential reduction," and "[n]othing in [§ 3582(c)(1)(A)]'s text prohibits the Commission from considering nonretroactive changes in the law as extraordinary and compelling reasons for a sentence reduction." *Henderson*, 2024 WL 881253, at *9. *See also United States v. Capps*, No. 1:11-CR-00108-AGF, 2024 WL 880554, at *7 (E.D. Mo. Jan. 31, 2024) (same). Section 1B1.13(b)(6), by including a change in the

law resulting in a gross disparity in sentencing as an extraordinary and compelling reason, does not go beyond the discretion delegated to the Sentencing Commission by § 994(t). *See also United States v. Allen*, No. 1:09-cr-320-TCB, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) (reasoning that "[t]o hold that courts cannot consider nonretroactive changes to sentencing laws as extraordinary or compelling reasons would require courts to ignore the policy statement that Congress explicitly directed the Commission to create"). Moreover, the policy statement does not require a court to grant a motion to reduce sentence whenever there is a change in the sentencing law; the court must also consider whether the defendant's sentence is unusually long, whether he or she has served at least ten years, and whether the change resulted in a gross disparity, as well as the defendant's individualized circumstances.

B.     Dangerousness

Under § 1B1.13(a)(2), I must also determine whether Wright is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). I find that he is not. While Wright has a lengthy criminal history, most of his offenses were non-violent. In over a decade of imprisonment, Wright has received only one minor disciplinary infraction. He has not been involved in any acts of violence or other activities while incarcerated that would suggest that he poses a danger to the safety of others. According to a Summary Reentry Plan - Progress Report prepared by the Bureau of Prisons, Wright "has made an excellent adjustment to incarceration." Doc. No. 141-3. Wright's behavior in prison does not raise concerns that he will pose a danger to the community if he is released

years from now, when he is in late middle age.

    C.    <u>Section 3553(a) Factors</u>

Considering the factors set forth in 18 U.S.C. § 3553(a), an appropriate sentence is 420 months' imprisonment with ten years of supervised release to follow. This sentence is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2). Because of his lengthy criminal history and the seriousness of his drug offense, a sentence of time served, as Wright requests, is insufficient. A longer sentence—more than three decades in prison—reflects the seriousness of his offense, promotes respect for the law, and provides just punishment, and a decade of supervised release will further protect the public. This sentence also takes into account the nature and circumstances of the offense and Wright's history and characteristics. He was twenty-nine years old when he was sentenced to life in prison for a non-violent drug offense. And he has demonstrated progress toward rehabilitation while incarcerated. For these reasons, I find that a sentence of 420 months, which is within the Guidelines range of 360 months to life, is the appropriate sentence.

## IV. CONCLUSION

For the foregoing reasons, Wright's supplemental motion to reduce his sentence is granted. His sentence is reduced to 420 months' imprisonment, plus a term of ten years of supervised release. All mandatory and standard conditions of supervised release will apply. An amended judgment will issue.

IT IS SO ORDERED this 30th day of April, 2024.

_____
UNITED STATES DISTRICT JUDGE